IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00272-BNB

STEVEN ALLAN BEACH,

Applicant,

v.

WARDEN SARA REVELL,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2008

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant Steven Allan Beach is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary at Florence, Colorado. Mr. Beach initiated this action by filing ***pro se*** in the United States District Court for the Eastern District of Texas a pleading that was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 15, 2008, the Eastern District of Texas entered an order directing that the action be transferred to this Court. The Court received the transferred action on February 8, 2008. On February 11, 2008, Mr. Beach filed in this Court an amended application for a writ of habeas corpus. On February 19, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Beach to file a second amended application because the amended application was largely blank and unsigned. On March 6, 2008, Mr. Beach filed a second amended application for a writ of habeas corpus. In an order filed on April 22, 2008, Magistrate Judge Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense

of exhaustion of administrative remedies. On May 12, 2008, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus. Mr. Beach has not filed a reply to the preliminary response.

The Court must construe the documents filed by Mr. Beach in this action liberally because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the second amended application is held to standards less stringent than those governing a formal pleading drafted by lawyers. ***See id.*** However, the Court should not be an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Beach is challenging the calculation of his federal sentence in this action. He contends that he is entitled to credit against his federal sentence for time he spent in state custody prior to revocation of his supervised release and commencement of a federal sentence for violating the conditions of his supervised release. Mr. Beach apparently contends that he is entitled to be released immediately if his federal sentence properly is credited with the time he spent in state custody.

Respondent argues that this action should be dismissed because Mr. Beach has failed to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. ***See Williams v. O'Brien***, 792 F.2d 986, 987 (10th Cir. 1986). Mr. Beach concedes that he has not exhausted administrative remedies prior to filing the instant action. However, he argues that the exhaustion requirement should be excused because exhaustion of

administrative remedies would be futile. Mr. Beach specifically argues that exhaustion would be futile because he cannot obtain relief at the institutional level without a court order and it would take too long to exhaust administrative remedies at the regional and national levels.

Mr. Beach is correct that the exhaustion requirement may be waived if exhaustion would be futile. ***See Fraley v. U.S. Bureau of Prisons***, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, he fails to convince the Court that exhaustion of administrative remedies would be futile in the instant action. Mr. Beach's conclusory and unsupported allegation that he cannot obtain relief at the institutional level is insufficient to demonstrate that exhaustion would be futile. ***See Mackey v. Ward***, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust."). If Mr. Beach is entitled to the relief he is seeking in this action, there is no reason to believe that relief cannot be granted at the institutional level through the administrative remedy procedure.

Mr. Beach's argument that exhaustion would be futile because it takes too long to exhaust administrative remedies at the regional and national levels also lacks merit. The length of time that is required to exhaust administrative remedies is not related to the question of whether the relief being sought actually is available. As noted above, Mr. Beach fails to demonstrate that the relief he seeks is not available through the administrative remedy procedure. Furthermore, there is no reason to believe that administrative relief necessarily would take longer than relief through the courts. The fact that Mr. Beach now has lost some of the time available to him by choosing to seek

judicial relief prior to exhausting administrative remedies does not alter the Court's conclusion. Otherwise, a prisoner could avoid exhausting administrative remedies simply by waiting until it was possible to obtain immediate release and then proceeding to federal court and arguing that exhaustion would be futile.

For all of these reasons, the Court finds that Mr. Beach fails to demonstrate that exhaustion of administrative remedies would be futile. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application, the amended application and the second amended application are denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 17 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00272-BNB

Steven A. Beach
Reg. No. 76565-080
USP - Florence
PO Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/17/08

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk